PER CURIAM.
We are hesitant to reverse a trial court, but must do so when as here, the reason is compelling, as the judgment is based upon evidence that will not withstand scrutiny.
The opinion of the defendant’s expert did not use a correct method of determining the value of the plaintiff’s services as a real estate salesperson. More specifically, the testimony of defendant’s sole expert does not relate to how real estate salespersons’ earnings are calculated.
Accordingly, we must reverse the trial court’s conclusion on the issue of quantum meruit, but do not disturb its decision that there had been no meeting of the minds and thus no contract terms governing appellant’s employment. There is record support for this latter conclusion.
*83 This became a bifurcated trial in the sense that the trial court first wrestled with the written sales commission contract between the plaintiff salesperson and the defendant developer. Upon concluding there had been no meeting of the minds in the action by the plaintiff to recover commissions on sales she had effected but which closed after she had been terminated, the court then proceeded to try the issue of quantum meruit, and limited the parties to one expert each.
The defendant’s expert’s testimony was erroneously based upon average annual earnings of a group of real estate salespersons. Such persons are normally paid on the basis of a percent of the sales price of each parcel of property. As the plaintiff’s expert testified, real estate salespersons get paid according to their sales production; they are not on annual salary. The worth of the plaintiff's services depends on the volume of sales that she accomplished; it has nothing to do with the average annual earnings of other real estate agents in Florida. A lawyer being paid in quantum meruit gets the going hourly rate in the area for lawyers doing the same kind of work, because lawyers are paid by the hour; he does not get some specified fraction of the average annual income of Florida lawyers. Similarly, a real estate salesperson should get the usual commission on the sales she produced, not, as here, 14 months’ average income of a group of real estate agents — who were not necessarily even representative of real estate salespersons in the area.
We reverse and remand for determination of the amount due appellant in quantum meruit according to the customary rate and basis of payment for real estate salespersons’ services in the area at the time of the subject employment.
GLICKSTEIN, J., and SALMON, MICHAEL H., Associate Judge, concur.
ANSTEAD J., dissents in part with opinion.